United States District Court
Southern District of Texas
**ENTERED**
June 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERNANDO CARDENAS GARCIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Montgomery Processing Center, *et al.*,<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-cv-03484 |

## ORDER

The petitioner, Fernando Cardenas Garcia, is currently detained in the custody of officials with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). Represented by counsel, the petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued confinement. (Dkt. No. 1).

On May 7, 2026, the court ordered the respondent to file an answer or other appropriate responsive pleading within fourteen (14) days. (Dkt. No. 4). The respondents answered with a Motion to Dismiss or, In the Alternative, Motion to Transfer Case to the Western District of Texas. (Dkt. No. 5). In the motion, the respondent admits that this habeas petition was filed on April 30, 2026. Despite admitting this, the respondent argues that because the petitioner was transferred to the Limestone Detention Center in Groesbeck, Texas, on May 4, 2026, this court no longer has jurisdiction because the petitioner is not presently confined in the Southern District of Texas. The respondent is wrong. The rule has long been clear: "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal

authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) ("Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change."); *Hernandez Alcala v. Warden*, No. 3:26-CV-1447-E-BN, 2026 WL 1656741, at *2 (N.D. Tex. May 7, 2026), *R&R adopted sub nom. Hernandez Alcala v. Warden Prairieland Det. Ctr.*, No. 3:26-CV-01447-E-BN, 2026 WL 1654273 (N.D. Tex. June 8, 2026) (explaining that even if the petitioner were transferred outside of the district, the court would not be deprived of jurisdiction to hear the § 2241 petition).

Based on the foregoing, the Court **ORDERS** as follows:

1. Motion to Dismiss or, In the Alternative, Motion to Transfer Case to the Western District of Texas (Dkt. No. 5) is **DENIED**.

2. The proper respondent must file an answer or other appropriate responsive pleading, as previously ordered, within **five (5) days** of the date of this Order. No extensions will be given.

3. The rest of the Court's Order entered on May 7, 2026, remains in effect.

The Clerk shall provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on June 16, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge